WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Israel Mata-Camacho,<br><br>    Petitioner,<br><br>vs.<br><br>Jeffrey Van Winkle, et al.,<br><br>    Respondents. | CIV 13-961-PHX-GMS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT COURT:

Petitioner Israel Mata-Camacho, who is confined in the Arizona State Prison Complex-Florence, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondents filed an Answer (Doc. 9).  Despite having an opportunity to do so, Petitioner has not filed a traverse.

## BACKGROUND[1]

The Pinal Court Superior Court found the facts as follows:

> The Petitioner was indicted by the Pinal County Grand Jury and charged with two counts of child molestation and one count of sexual conduct with a minor, all dangerous crimes against children.
>
> The charges arose when the brother of the victim informed his mother of the actions of the Petitioner which he had witnessed. The mother, who did not reside with the children, took the children to the Casa Grande Police Department where the children were interviewed separately. They were later

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 9 – Respondents' Answer.

> taken to the Child Advocacy Center in Eloy, Arizona, where forensic interviews were held and a SANE[2] nurse examined the victim. Nothing of note was found in the nurse's examination.
>
> According to the children, on two occasions the Petitioner, while driving with the victim beside him, placed his hand inside her pants and touched what she called her privates. Those occasions were witnessed by the victim's brother. The victim also related an incident when the Petitioner had her [lie] down on a cot and penetrated her anus with his penis.
>
> Because of the mother's drug use and other problems[,] the victim and her siblings lived with her grandmother and her boyfriend, the Petitioner. The grandmother was in ill health and would have to be taken to the hospital for treatment. The grandmother testified that, after the night when she went to a funeral and the alleged penetration occurred, she observed semen on the boxer shorts of Petitioner and blood[,] sperm[,] and crap on the victim's underclothing.

(Exh. J at 1-2.) A jury found Petitioner guilty of the charges, and the trial court imposed a total sentence of 69 years' imprisonment. (Exh. A.) Petitioner filed a timely notice of appeal. (Exh. B.)

In his opening brief on direct appeal, Petitioner argued that the trial court reversibly erred in denying his motions for mistrial and for a new trial based on the asserted coercion of a juror who denied he had been coerced into reaching a guilty verdict. (Exh. C at 15-19.) The Arizona Court of Appeals affirmed the convictions and sentences. (Exh. D.) Petitioner did not seek review by the Arizona Supreme Court. (Exh. E.)

Following the conclusion of Petitioner's direct appeal, he filed a *pro se* notice of post-conviction relief (PCR) pursuant to Rule 32, Arizona Rules of Criminal Procedure. (Exh. F.) Appointed counsel submitted a notice "that she had reviewed the transcripts and trial file and [could] find no colorable claims pursuant to Rule 32." (Exh. G.) The trial court granted appointed counsel's request to allow Petitioner additional time in which to file a *pro se* PCR petition. (Exhs. G, H.) In his *pro se* petition, Petitioner asserted that trial counsel had been ineffective in 11 respects. (Exh. I at 3-4.)

The trial court found that Petitioner's arguments "concern two basis issues: 1) the testimony of [child abuse expert] Wendy Dutton[;] and 2) the testimony of the SANE nurse

---

[2] SANE is an acronym for Sexual Abuse Nurse Examiner.

- 2 -

1  who examined the victim." (Exh. J at 2-3.) The court concluded that trial counsel had not
2  been ineffective and denied relief. (Exh. J at 4-5.)

3  Petitioner filed a petition for review of the trial court's order denying relief in the
4  Arizona Court of Appeals. (Exh. K.) The appellate court denied review, explaining that the
5  "petition for review contains no description of the issues decided by the trial court, facts
6  material to the consideration of those issues, or reasons why the petition should be granted,
7  as required by Rule 32.9(c)(1)," Arizona Rules of Criminal Procedure. (Exh. L.) The
8  Arizona Supreme Court denied Petitioner's petition for review, without comment. (Exh. M.)

9  Petitioner filed a Petition for Writ of Habeas Corpus in this Court asserting four
10  grounds for relief:

11  (1) Petitioner was denied an impartial judge, in violation of his due process rights;

12  (2) Petitioner's Sixth Amendment due process rights were violated when a probation officer read notes from a juror's notebook while the jury was out of the room, and the
13  trial judge failed to declare a mistrial;

14  (3) Petitioner's Sixth Amendment due process rights were violated when the bailiff took notes out of a juror's notebook; and
15
16  (4) The trial judge issued an impasse instruction which had the effect of coercing a juror to agree with other jurors and enter a verdict of guilty.

17  (Doc. 1.)

18  **DISCUSSION**

19  In their Answer, Respondents contend that Grounds One through Three set forth in
20  Petitioner's habeas petition are procedurally defaulted, and Ground Four fails to state a basis
21  for federal habeas relief. As such, Respondents request that the Court deny and dismiss
22  Petitioner's habeas petition with prejudice.

23  A state prisoner must exhaust his remedies in state court before petitioning for a writ
24  of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513
25  U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To
26  properly exhaust state remedies, a petitioner must fairly present his claims to the state's
27  highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S.
28  838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona

1  Court of Appeals by properly pursuing them through the state's direct appeal process or
2  through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th
3  Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

4  Proper exhaustion requires a petitioner to have "fairly presented" to the state courts
5  the exact federal claim he raises on habeas by describing the operative facts and federal legal
6  theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78
7  (1971) ("[W]e have required a state prisoner to present the state courts with the same claim
8  he urges upon the federal courts."). A claim is only "fairly presented" to the state courts
9  when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim
10 under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)
11 (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner
12 fails to alert the state court to the fact that he is raising a federal constitutional claim, his
13 federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

14 A "general appeal to a constitutional guarantee," such as due process, is insufficient
15 to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518
16 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005)
17 ("Exhaustion demands more than drive-by citation, detached from any articulation of an
18 underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because
19 its factual basis was presented to the state courts on state law grounds – a "mere similarity
20 between a claim of state and federal error is insufficient to establish exhaustion." Shumway,
21 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

22 Even when a claim's federal basis is "self-evident," or the claim would have been
23 decided on the same considerations under state or federal law, a petitioner must still present
24 the federal claim to the state courts explicitly, "either by citing federal law or the decisions
25 of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations
26 omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32
27 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief
28 ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

1   Additionally, under the independent state grounds principle, a federal habeas court
2   generally may not review a claim if the state court's denial of relief rests upon an
3   independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32
4   (1991). The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[3] and "adequate"[4] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

---

[3] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[4] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

- 5 -

1    Moreover, if a state court applies a procedural bar, but goes on to alternatively address
2 the merits of the federal claim, the claim is still barred from federal review. See Harris v.
3 Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of
4 a federal claim in an *alternative* holding.  By its very definition, the adequate and
5 independent state ground doctrine requires the federal court to honor a state holding that is
6 a sufficient basis for the state court's judgment, even when the state court also relies on
7 federal law. ... In this way, a state court may reach a federal question without sacrificing its
8 interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322
9 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not
10 undermined where, as here, the state court simultaneously rejects the merits of the claim.")
11 (citing Harris, 489 U.S. at 264 n.10).

12    Furthermore, a subsequent "silent" denial of review by a higher court simply affirms
13 a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last
14 reasoned opinion on the claim explicitly imposes a procedural default, we will presume that
15 a later decision rejecting the claim did not silently disregard that bar and consider the
16 merits").

17    A procedural bar may also be applied to unexhausted claims where state procedural
18 rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred
19 from habeas review when not first raised before state courts and those courts "would now
20 find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir.
21 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only
22 when a state court has been presented with the federal claim,' but declined to reach the issue
23 for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally
24 barred.'") (quoting Harris, 489 U.S. at 263 n.9).

25    In Arizona, claims not previously presented to the state courts via either direct appeal
26 or collateral review are generally barred from federal review because an attempt to return to
27 state court to present them is futile unless the claims fit in a narrow category of claims for
28 which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding

1   claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar),
2   32.9(c) (petition for review must be filed within thirty days of trial court's decision).
3   Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate,"
4   either its specific application to a claim by an Arizona court, or its operation to preclude a
5   return to state court to exhaust a claim, will procedurally bar subsequent review of the merits
6   of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made
7   under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart,
8   241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default
9   rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on
10  other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d
11  923, 931-32 (rejecting argument that Arizona courts have not "strictly or regularly followed"
12  Rule 32 of the Arizona Rules of Criminal Procedure); State v. Mata, 185 Ariz. 319, 334-36,
13  916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-
14  conviction proceedings).

15      The federal court will not consider the merits of a procedurally defaulted claim unless
16  a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for
17  his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995);
18  Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and
19  prejudice" test, a petitioner must point to some external cause that prevented him from
20  following the procedural rules of the state court and fairly presenting his claim. "A showing
21  of cause must ordinarily turn on whether the prisoner can show that some objective factor
22  external to the defense impeded [the prisoner's] efforts to comply with the State's procedural
23  rule. Thus, cause is an external impediment such as government interference or reasonable
24  unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir.
25  2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules
26  or other forms of general inadvertence or lack of legal training and a petitioner's mental
27  condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly
28  present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear

1    that a fundamental miscarriage of justice exists when a Constitutional violation has resulted
2    in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

3    　　　　In Ground One of his habeas petition, Petitioner asserts a violation of his right to due
4    process based on the trial judge's alleged partiality and bias because of her denial of his
5    motion for directed verdicts of acquittal. (Doc. 1 at 6.) Petitioner concedes that he did not
6    present this issue to the Arizona Court of Appeals. (Doc. 1 at 6.) By failing to present his
7    claim to the Arizona Court of Appeals, Petitioner denied the state courts a full and fair
8    opportunity to act on them, and he has therefore, not exhausted his claims. See Castillo, 399
9    F.3d at 999-1000 ("To exhaust his Arizona remedies, Castillo had to give the Arizona courts
10   a 'fair opportunity' to act on his federal due process claim before presenting it to the federal
11   courts ... ."). Because it is now too late for Petitioner to return to state court to present his
12   claim, it is procedurally defaulted.

13   　　　　In his habeas petition, Petitioner blames his failure to exhaust this claim on his
14   appellate attorney's "fail[ure] to disclose this issue" to the appellate court, and counsel's
15   "stating it wasn't important." (Doc. 1 at 6.) Petitioner has not asserted any objective factor
16   external to the defense prevented the issue from being raised in the Arizona Court of
17   Appeals. To the extent he is asserting this issue as a basis for a claim of ineffective
18   assistance of appellate counsel, it is also procedurally defaulted due to his failure to raise it
19   in his Rule 32 petition. (Exh. I at 3-4.) Furthermore, although not cited by Petitioner,
20   Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), does not provide an excuse for
21   failure to raise his claim. See McKinney v. Ryan, 730 F.3d 903, 913 (9th Cir. 2013) (The
22   Supreme Court in Martinez made clear that the narrow exception to the well-settled rule –
23   that ineffective assistance of PCR counsel does not establish cause – applies only when the
24   underlying constitutional claim is ineffective assistance of trial counsel.). Thus, Petitioner
25   has not demonstrated a miscarriage of justice or cause and actual prejudice to excuse the
26   default. See Coleman, 501 U.S. at 750-51.

27   　　　　Petitioner raises two related claims in Grounds Two and Three. In Ground Two, he
28   asserts a violation of his right to due process based on a probation officer's reading aloud to

1 an "assistant prosecutor" and other court staff from a juror's notebook while the jury was out
2 of the courtroom. (Doc. 1 at 7.) In Ground Three, he argues that the bailiff violated his due
3 process rights by "tampering" with the jurors' notebooks while they were out of the room.
4 (Doc. 1 at 8.) Again, Petitioner concedes that he did not present either of these claims to the
5 Arizona Court of Appeals. (Doc. 1 at 7, 8.) By failing to present his claims to the Arizona
6 Court of Appeals, Petitioner has failed to fairly present them, and he has therefore, not
7 exhausted his claims. See Castillo, 399 F .3d at 999-1000 ("To exhaust his Arizona
8 remedies, Castillo had to give the Arizona courts a 'fair opportunity' to act on his federal due
9 process claim before presenting it to the federal courts ... ."). Because Petitioner cannot
10 return to state court to present his claims, they are procedurally defaulted.

11 Petitioner blames his failure to exhaust these claims on his trial counsel's refusal to
12 request mistrials and his appellate attorney's failure to raise the issues to the Arizona Court
13 of Appeals. (Doc. 1 at 7, 8.) As with the first claim, Petitioner has not shown that "some
14 objective factor external to the defense" impeded his efforts to raise these claims in the state
15 courts. To the extent Petitioner is asserting these issues as bases for claims of ineffective
16 assistance of either trial or appellate counsel, they are also procedurally defaulted due to his
17 failure to raise them in his Rule 32 petition. (Exh. I at 3-4.) And, once again, the narrow
18 exception announced in Martinez does not apply here. See McKinney, 730 F.3d at 913.
19 Thus, Petitioner has not demonstrated a miscarriage of justice or cause and actual prejudice
20 to excuse the default.[5] See Coleman, 501 U.S. at 750-51.

21 In Ground Four, Petitioner asserts claims of juror misconduct and coercion of a juror
22 who denied he had been coerced into reaching a guilty verdict. (Doc. 1 at 9.) Petitioner,

---

24 [5] Petitioner relies on Remmer v. United States, 347 U.S. 227, 229 (1954), for the
25 proposition that prejudice must be presumed for such claims. (Doc. 1 at 7, 8.) However, that
presumption applies to any private communication, contact, or tampering with a juror during
26 trial, and is not applicable to the instant matter. See id. Thus, Remmer neither establishes
27 prejudice to excuse a procedural default or prejudice on the substantive claim. Moreover,
a petitioner must show both cause and prejudice to excuse a procedural default, and
28 Petitioner has shown neither.

- 9 -

however, only states a violation of Rule 24.1(3), Arizona Rules of Criminal Procedure, and fails to assert a federal basis for this claim. (Doc. 1 at 9.)

The Supreme Court has repeatedly stated that "[t]he habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, ___ U.S. ___, ___, 131 S.Ct. 13, 15, 178 L.Ed.2d 276 (2010) (quoting 28 U.S.C. § 2254(a)). Accordingly, "[a] habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty." Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989); see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("federal habeas corpus does not lie for errors of state law") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Thus, Ground Four fails to constitute a basis for federal habeas relief. The Court will recommend that Ground Four be denied and dismissed.

## CONCLUSION

Grounds One through Three set forth in Petitioner's habeas petition are procedurally defaulted, and Ground Four fails to state a basis for federal habeas relief. Thus, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation

within which to file specific written objections with the Court. <u>See</u> 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Rule 72, Federal Rules of Civil Procedure.

DATED this 13th day of June, 2014.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge