# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Israel Mata-Camacho,<br><br>               Petitioner,<br><br>v.<br><br>Jeffrey Van Winkle, et al.,<br><br>               Respondents. | No. CV-13-00961-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner Israel Mata-Camacho's Petition for Writ of Habeas Corpus. (Doc. 1.) Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R") in which she recommended that the Court deny the Petition with prejudice. (Doc. 13.) Petitioner filed an objection to the R&R. (Doc. 14.) Because an objection has been filed, the Court will review the Petition *de novo*. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc.) For the following reasons, the Court accepts the R&R and denies the Petition.

## BACKGROUND

Petitioner was convicted by a jury in Pinal County Superior Court (case number CRE 2007–01457) of two counts of molestation of a child under the age of 15 and sexual conduct with a minor under the age of 15. (Doc. 9 Ex. A.) Petitioner was sentenced on March 18, 2009 to two terms of 17 years and one term of 35 years, to be served consecutively. (*Id*.) Petitioner appealed his sentence to the Arizona Court of Appeals on the basis of alleged coercion of a juror into rendering a guilty verdict. (Doc. 9 Ex. C.)

1  The Arizona Court of Appeals affirmed Petitioner's convictions and sentences.  (Doc. 9 Ex. D.)  Petitioner did not file a motion for reconsideration or petition for review by the Arizona Supreme Court.  (Doc. 9 Ex. E.)

Petitioner initiated *pro se* post-conviction relief proceedings after his direct appeal, pursuant to Rule 32 of Arizona Rules of Criminal Procedure.  (Doc. 9 Ex. F.)  Petitioner claimed that his counsel at trial was ineffective in 11 areas. (Doc. 9 Ex. I.)  Harriette P. Levitt, counsel for Petitioner, filed a notice with the Pinal County Superior Court stating that she reviewed the record and "can find no colorable claims pursuant to Rule 32" for Petitioner, and urged that Petitioner be allowed to filed his Rule 32 petition *pro se*.  (Doc. 9 Ex. G.)  Petitioner's Rule 32 arguments concerned the expert witness testimony of Wendy Dutton and the testimony of the sexual abuse nurse examiner who examined the victim.   (Doc. 9 Ex. J.)  On December 8, 2011, Judge Robert C. Brown of the Pinal County Superior Court issued an order evaluating and denying Petitioner's Rule 32 post-conviction relief.  (*Id.*)  Petitioner then requested a review of his Rule 32 post-conviction request from the Arizona Court of Appeals.  (Doc. 9 Ex. K.)  The Court of Appeals denied Petitioner's petition for review because it "contains no description of the issues decided by the trial court, facts material to the consideration of those issues, or reasons why the petition should be granted."  (Doc. 9 Ex. L at 2.)

Petitioner filed a Petition for Writ of Habeas Corpus on May 9, 2013.  (Doc. 1.) Petitioner cites four grounds for relief in his Petition: (1) Petitioner was denied an impartial judge, in violation of his due process rights; (2) Petitioner's Sixth Amendment due process rights were violated when a probation officer read notes from a juror's notebook while the jury was out of the room, and the trial judge failed to declare a mistrial; (3) Petitioner's Sixth Amendment due process rights were violated when the bailiff took notes out of a juror's notebook; and (4) The trial judge issued an impasse instruction which had the effect of coercing a juror to agree with other jurors and enter a verdict of guilty.  (*Id.*)

The case was referred to Magistrate Judge Steven P. Logan (Doc. 2) and later to

1 Magistrate Judge Michelle H. Burns (Doc. 12).  After the Answer filed by Respondents
2 (Doc. 9), Judge Burns issued the R&R on June 14, 2013 recommending that the Court
3 deny the Petition with prejudice.  (Doc. 13.)  Petitioner filed an Objection to the R&R on
4 June 26, 2013, stating that "his U.S. and Arizona constitutional rights have been violated
5 by the action of the Maricopa County Superior Court system," and asking for an
6 evidentiary hearing.  (Doc. 13 at 1.)  Petitioner did not state any particular objections to
7 the R&R or any specific ways that his constitutional rights were violated.  Nevertheless,
8 the Court will review the Petition *de novo*.

## DISCUSSION

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3) (2006).  Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Id.*; U.S.C. § 2244 *et seq.*  A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court.  *See* 28 U.S.C. § 2254(b)(1) and (c); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991).  To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839–46 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief.  *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based.  *See, e.g.*, *Picard v. Connor*, 404 U.S. 270, 275–78 (1971).

**I.     Grounds One, Two, and Three**

In Grounds One, Two, and Three, Petitioner admits that he did not raise the issue to the Arizona Court of Appeals.  (Doc. 1 at 6–8.)  Raising the issue to the state's highest

court is required for exhaustion in order to qualify for federal habeas relief. *O'Sullivan*, 526 U.S. at 839–46. Additionally, Arizona state courts would now bar consideration of these issues, making a return to state court futile.[1] *Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

Plaintiff states several reasons for not raising the issues on appeal, however, none of these reasons establish cause to excuse the failure to exhaust. A federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750-51. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim.

> A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis.

*Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Plaintiff states that he did not raise the issue in Ground One because "[m]y appellate attorney failed to disclose this issue, stating it wasn't important." (Doc. 1 at 6.) Advice of counsel is not a factor external to the defense. There is no cause showing that Ground One should not be procedurally defaulted. Petitioner states that he failed to present Ground Two to the Court of Appeals because "[m]y defense attorney

---

[1] Arizona Rule of Criminal Procedure 32.2 presents a procedural bar for a claim that was or could have been raised in the prior proceedings. Rule 32.4(a) presents a time bar that would make a return to state court futile.

again stated it wasn't sufficient to file for a mistrial, and my appellate attorney didn't even communicate with me to disclose this information." (*Id*. at 7.)  Likewise, this is not a factor external to the defense.  There is no cause showing that Ground Two should not be procedurally defaulted.  Similarly, Petitioner states that he did not raise Ground Three on appeal because "[t]he trial judge declared it was a harmless error, and the appellate defense attorney neglected to disclose, even though defendant brought this issue to his attention." (*Id*. at 8.)  Once again, this reason for not raising the issue on appeal is not a factor external to the defense.  There is no cause showing that Ground Three should not be procedurally defaulted.

Grounds One, Two, and Three are all procedurally defaulted for failure to exhaust the state appellate remedies for those issues.  Petitioner has not stated a factor external to the defense that impeded Petitioner's efforts to comply with the state procedural rule.  As Petitioner has not demonstrated cause to excuse his procedural default, the Court need not consider whether he also suffered actual prejudice.  Therefore the portion of the R&R denying Grounds One, Two and Three is accepted.

**II.     Ground Four**

Ground Four of the Petition asserts a claim of juror coercion and juror misconduct. (Doc. 1 at 9.)  But Petitioner does not allege a federal basis for this claim, only an Arizona statute.  There is no federal habeas relief for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  "The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S.Ct. 13, 15 (2010) (quoting 28 U.S.C. § 2254(a)).  "A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).  Ground Four of the Petition does not allege a federal basis for habeas relief and therefore must be dismissed.  This portion of the R&R is accepted.

**CONCLUSION**

Petitioner's Grounds One, Two, and Three are procedurally defaulted, and Petitioner has failed to provide a basis to excuse that default. Petitioner's Ground Four fails to state a basis for federal habeas relief.

**IT IS THEREFORE ORDERED** that Magistrate Judge Burns' Report and Recommendation (Doc. 13) is **ACCEPTED.**

**IT IS FURTHER ORDERED** that Israel Mata-Camacho's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases, in the event Petitioner files an appeal, the Court declines to issue a Certificate of Appealability because reasonable jurists would not find the Court's procedural ruling debatable, see *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 14th day of August, 2014.

_____
G. Murray Snow
United States District Judge